TurNey, J.,
delivered the opinion of the court.
The doctrine “ultra vires” is not aplicable in this case.
In arriving at a true solution of the question involved, the only use to be made of the charter granted by Georgia and Tennessee to Western & Atlantic Railroad, is to show the fact that it had a corporate existence.
If a corporation, chartered for one purpose, engage *636 in a business different from that authorized by charter, or if its employees engage in such different business in the name of the principal, and the principal, with a knowledge of such departure, receive the profits arising therefrom, employ agents to superintend it, or in any other distinct mode recognize it as their business, and in its prosecution by its agents an injury results therefrom to another’s person or property, the party so in-jui’ed is entitled to maintain his action for the damages resulting from the wrongful act.
The fact that the act from which the injury resulted was unauthorized by the charter of incorporation, is no defense for the wrong-doer.
With corporations as with individuals, if it be engaged in a lawful business, and to promote that lawful business resort to unauthorized acts, it must be held responsible for the consequences of such unauthorized acts, else the maxim, that “ no ' man shall take advantage of his own wrong” is violated.
This holding is not in conflict with the opinion in the case of Pearce v. Madison & Indianapolis Railroad Company, 21 H., 444. In that case the learned judge concludes his opinion : “It is contended that because the steamboat was delivered to the defendants and has been converted to their use they are responsible. It is enough to say in reply to this, that the plaintiff was not the owner of the boat, nor does he claim under an assignment of the owner’s interest. His suit is instituted on the notes as an endorser, and the only question is, had the corporation the capacity to make the contract in the fulfillment of *637 which they were executed. The opinion of the court is, that it was a departure from the business of the corporation, and their officers exceeded their authority.”
Here we have a clear intimation from the court, that if the owner of the boat had sued for the conversion, or if the holder or endorser of the notes had claimed under an assignment of the carrier’s interest, and sued for the value of the vessel, passing by the note, the action would have been maintainable.
That there was a responsibility, not upon the notes executed by the president in the name of the defendants, but for the appropriation of the property by its agents for the use and with the knowledge of defendants.
The cases are not parallel. That was an action ex contractu, this ex delicio; there the authority was exceeded by the officers, here they are acting in conformity to orders in promotion of the object of their employment.
The fact that the defendant is the property of the State of Georgia, which is the sole stockholder, makes it none the less a corporation, able to sue and liable to be sued as other corporations. Here the defendant as a corporation, and not as the State, is sued. If the ownership by the State entitles the road to more immunities than corporations with different status, and gives it privileges in the courts of defenses not extended to others, then the principle must be allowed its full and legitimate application, and but few railroads in this State can be sued, the State being largely interested in most of them.
*638 By becoming owner or stockholder the State descends from its sovereign dignity to individuality so far as to place it upon an even footing of legal liability with other corporations of like character and purposes.
Reverse the judgment